Kathryn Ross [CSBN 171100]
KATHRYN ROSS LAW
803 Hearst Avenue
Berkeley, CA 94710
katie@kathrynrosslaw.com
Tel: (510) 210-8898

Attorney for Defendant
Monleto Holly

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MONLETO HOLLY,<br><br>    Defendant(s). | Case Nos.: 23-cr-0145-RS; 14-cr-0238-RS<br><br>**STIPULATION AND ORDER<br>CONTINUING SENTENCING HEARING** |

    The above-captioned matter is set on August 6, 2024, before this Honorable Court, for a sentencing hearing. For the reason set forth below, defense counsel requests that the Court reset this matter to November 12, 2024, at 9:30 a.m., to give defense counsel additional time to assess a legal issue related to Mr. Holly's guilty plea to 18 U.S.C. § 922(g), felon in possession of a firearm. While the government disagrees with the defendant's analysis below, the government does not object to a continuance.

    The Ninth Circuit held in *United States v. Duarte*, ___ F.4th ___, 2024 WL 2068016 (9th Cir. May 9, 2024), that a person previously convicted of five felonies that it deemed "non-violent" could not constitutionally be convicted of violating § 922(g)(1) for possessing a handgun given the Supreme Court's interpretation and analysis of the Second Amendment in *New York State Rifle & Pistol Ass'n v. Bruen*, 592 U.S. 1 (2022). *Duarte*, 2024 WL 2068016, at *1. Before *Bruen*, the Ninth Circuit had upheld the constitutionality of § 922(g)(1). *United States v. Vongxay*, 594 F.3d 1111 (9th

Cir. 2010). *Duarte*, however, held that the reasoning of *Vongxay* is "clearly irreconcilable" with *Bruen*, "and its holding therefore no longer controls." *Duarte*, 2024 WL 2068016, at *4 (internal quotation marks omitted). Because the Ninth Circuit's prior precedent in *Vongxay* had "foreclosed the argument Duarte now makes," Duarte had good cause not to raise it before his trial. *Id.*, at *3.

Even for prior convictions that may not appear to be "non-violent" in the colloquial sense, the analysis the Supreme Court in *Bruen* and the Ninth Circuit in *Duarte* court used to determine whether a prior conviction disqualified a person from the Second Amendment's protections is historical and complicated. *See Duarte*, 2024 WL 2068016, at *24 ("A more faithful application of *Bruen* requires the Government to proffer Founding-era felony analogues that are 'distinctly similar' to Duarte's underlying offenses and would have been punishable either with execution, with life in prison, or permanent forfeiture of the offender's estate.").

On July 17, 2024, the Ninth Circuit ordered an *en banc* rehearing of *Duarte* pursuant to Federal Rule of Appellate Procedure (35)(a) and Circuit Court Rule 35-3 and vacated the three-judge panel decision. *See United States v. Duarte*, _ F.4th _ 2024 WL 3443151 (July 17, 2024). Just before that grant, the United States Supreme Court decided *United States v. Rahimi,* 144.S.Ct. 1889 (June 21, 2024) which allowed for the prohibition of firearms by people subject to domestic violence restraining orders. However, as laid out in the dissent to the grant of the *en banc* hearing, the decision in *Rahimi* is a narrow one and does not provide clarity in the § 922(g) offense context. The *en banc* hearing is set for agument on September 23, 2024. (*See* Court of Appeals Docket 22-50048, Dkt. 82.)

Allowing Mr. Holly's case to proceed to sentencing in light of the uncertainty surrounding the constitutionality of § 922(g)(1) as applied to him could lead this Court to "wast[e] judicial resources." *United States v. Hickey*, 580 F.3d 922, 927 (9th Cir. 2009). Because of the continued uncertain state of the law, the defense asked the government for additional time to follow the en banc review in *Duarte*. The government does not oppose this request for a continuance. Additionally, the parties conferred with the supervisor of the probation officer assigned to this case, who confirmed that probation is available on the requested date.

For these reasons, defense counsel requests, and the government does not object to a request that the Court continue the August 6, 2024 sentencing date and reset this matter to November 12, 2024 at 9:30 a.m. for sentencing.

IT IS SO STIPULATED.

DATED: July 24, 2024

ISMAIL RAMSEY
United States Attorney

\_\_\_\_/s/_____
KELSEY DAVIDSON
Assistant United States Attorney

\_\_\_\_/s/_____
KATHRYN ROSS
Attorney for Mr. Holly

**ORDER**

Based on the reasons provided in the stipulation of the parties above, and for good cause shown, the sentencing hearing in the above-captioned matter is continued from August 6, 2024 to November 12, 2024 at 9:30 a.m.

IT IS SO ORDERED.

Dated: July 24, 2024

_____
HON. RICHARD SEEBORG
United States District Judge